**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Jo.R., a Minor, by his Parent C.R., as his next friend; C.R.; Ju.R.,<br><br>            Plaintiffs - Appellants,<br><br>    v.<br><br>GARDEN GROVE UNIFIED SCHOOL DISTRICT,<br><br>            Defendant - Appellee. | No. 12-55446<br><br>D.C. No. 8:10-cv-01310-CJC-MAN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and submitted November 8, 2013
Pasadena, California

Before:  FISHER and CLIFTON, Circuit Judges, and SINGLETON, Senior
District Judge.**

    Plaintiffs Jo.R. and his parents appeal the district court's attorney fee award,

made pursuant to 20 U.S.C. § 1415(i)(3)(B) of the Individuals with Disabilities

---

    *    This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

    **    The Honorable James K. Singleton, Senior United States District
Judge for the District of Alaska, sitting by designation.

Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482.  Plaintiffs contend that the district court abused its discretion in awarding them attorney fees in the amount of $51,440.63, which is substantially less than the $398,747.50 that they requested. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part and remand.

## I.

The district court calculated the lodestar amount to be $205,762.50, approximately 51 percent of plaintiffs' fee request.  The district court found that many of the hours requested for particular tasks were excessive and unnecessary in light of the experience of the lawyer requesting the fees.  Plaintiffs challenge each reduction in this appeal.  While reasonable judges might differ regarding the appropriateness of many of these reductions, we conclude that all but three fall within the district court's broad discretion.  *See* 20 U.S.C. § 1415(i)(3)(F)(iii).

## A.

The district court abused its discretion by reducing hours claimed by lead attorney Maureen Graves for reviewing and researching the Language! curriculum from 57.8 hours to 10.8 hours.  The district court based this reduction on its finding that a lawyer of lead counsel's experience should have been able to do the work in less time, presumably because she should have been familiar with the curriculum

2

from her practice. The court did not find that the work was not done; rather, counsel was penalized for inefficiency. We have cautioned district courts that "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Particularly because most of the administrative hearing focused on the Language! curriculum, the district court abused its discretion by reducing the hours spent reviewing that curriculum.

B.

The district court abused its discretion by entirely denying fees claimed for time spent preparing plaintiffs' closing brief. Plaintiffs asked for 60.9 hours. The ALJ criticized plaintiffs' counsel for attempting to avoid the page limitation the ALJ had imposed by using extensive single-spaced footnotes on most of the pages; however, the ALJ did not strike the brief or impose any penalty beyond a reprimand. The district court found plaintiffs' requested hours excessive because of this reprimand, explaining that "no reimbursable time [was] warranted" due to the brief's purported "impropriety." It was the ALJ and not the court who reviewed the brief, however, and the ALJ apparently found it sufficiently persuasive to rule in plaintiffs' favor on some issues, despite any excessive

3

footnoting. The court gave no other justification for finding the requested hours excessive, and even if it had, the appropriate remedy would have been to reduce the hours to a reasonable number, not to zero. We therefore conclude that the district court abused its discretion by declining to award fees as a sanction for submitting a brief with excessive footnotes to the ALJ.

C.

Plaintiffs requested 19.3 hours for reviewing and annotating transcripts. The district court abused its discretion by eliminating these hours. In deciding that it was "unclear whether these transcripts relate to the hearing or are somehow connected to [lead counsel]'s work in this case," the court ignored or overlooked counsel's explanation that she reviewed the transcripts of the administrative hearing to prepare for appeal proceedings because, in her experience, such transcripts are often materially inaccurate. Moreover, the amount of time counsel spent on this task was not excessive because the proceedings before the ALJ involved technical testimony from many witnesses during an 11-day hearing spread over a great deal of time. *See Moreno*, 534 F.3d at 1112.

All of the hours identified in sections I(A)-(C), *supra*, involved the work of lead counsel. The district court fixed her market rate at $500 per hour. The improperly reduced 127.2 hours at $500 per hour yields $63,600, which, when

restored to the lodestar calculated by the district court, adds up to a revised lodestar of $269,362.50.

## II.

The district court abused its discretion by reducing the lodestar by 75 percent to reflect limited success. This case involved a number of issues concerning the education Jo.R. was receiving from a single defendant school district. All of the issues involved Jo.R.'s treatment plan. Assuming, without deciding, that each of the issues was a separate claim, plaintiffs substantially prevailed on 2 of their 19 claims. The district court concluded that "[p]laintiffs achieved a modest amount of success in comparison to the scope of their claims" because "[p]laintiffs sought relief on nineteen different issues and failed explicitly on seventeen."

That conclusion, however, ignored the ALJ's statement that the "focal point" of the entire case was Jo.R.'s language curriculum, an issue upon which plaintiffs substantially prevailed. The ALJ further noted that plaintiffs introduced little evidence on many of the other issues. Therefore, although plaintiffs' counsel did not segregate hours by issue, the record does not support a finding that 75 percent of the time counsel spent on this case was devoted exclusively to issues that were rejected. *See Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995).

It is clear that the district court was convinced that the lodestar in this case should be reduced but was unable to give justifications beyond those we have noted that are not permissible under this court's precedent. A district court convinced that the number of hours claimed were excessive or that the lodestar generated an excessive award may impose a "haircut" of no more than 10 percent without further explanation. *See Gonzalez v. City of Maywood,* 729 F.3d 1196, 1203 (9th Cir. 2013). We therefore adjust the revised lodestar by deducting 10 percent, or $26,936.25.

The judgment of the district court is affirmed in part and reversed in part. We remand with instructions to award plaintiffs $242,426.25 in attorney fees and to determine an appropriate fee award to plaintiffs for hours spent on this appeal. Plaintiffs may recover their costs on appeal. *See* Fed. R. App. P. 39(a)(4).

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.